IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| DUSTIN J. DEMITRIOU and RONDA DEMITRIOU, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| DONNELLY TRANSPORTATION, INCORPORATED, JOSUE R. HIDALGO-CLARKE, FIREBIRD TRUCKING, INCORPORATED, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, and STATE NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) | Case Number: |
| Defendants. | ) ) | |

## CIVIL COMPLAINT

**NOW COME** the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, by and through their attorneys, Hupy and Abraham, S.C., by Thomas A. Perlberg, hereby bring this Complaint against the Defendants, Donnelly Transportation, Incorporated, Josue R. Hidalgo-Clarke, Firebird Trucking, Incorporated, ACE Property and Casualty Insurance Company, and State National Insurance Company, Incorporated, and state to the Court as follows:

### JURISDICTION AND VENUE

1.     That this Court has jurisdiction over all other claims made within this cause of action pursuant diversity jurisdiction under 28 U.S.C. § 1332 because the Plaintiffs do not reside in the same state as Defendants and the amount in controversy exceeds $75,000.00.

2.     That venue is present in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in this judicial district.

## PARTIES

3.     That the Plaintiff, Dustin J. Demitriou, is an adult resident of the Village of Big Falls, County of Waupaca, Wisconsin, currently residing at 319 Main Street, Zip Code 54926.

4.     That the Plaintiff, Ronda Demitriou, is an adult resident of the Village of Big Falls, County of Waupaca, Wisconsin, currently residing at 319 Main Street, Zip Code 54926; and that the Plaintiff, Ronda Demitriou, is the spouse of Dustin J. Demitriou.

5.     That the Defendant, Donnelly Transportation, Incorporated, is a foreign corporation, organized and existing under the laws of Illinois, with its principal place of business located at 7545 South Madison Street, Burr Ridge, Illinois, Zip Code 60527; and that legal process for the Defendant, Donnelly Transportation, Incorporated, shall be served upon Brian M. Donnelly, located at 609 West 56th Street, Hinsdale, Illinois, Zip Code 60521.

6.     That the Defendant, Jose R. Hidalgo-Clarke, upon information and belief, is an adult resident of the City of Chicago, County of Cook, Illinois, currently residing at 5051 South Winchester Avenue, Rear 2 Floor 2, Zip Code 60609; and that the Defendant, Jose R. Hidalgo-Clarke, was employed by and/or an agent of the Defendants, Donnelly Transportation, Incorporated, and/or Firebird Trucking, Incorporated, at all times material hereto.

7.     That the Defendant, Firebird Trucking, Incorporated, is a foreign corporation, organized and existing under the laws of Illinois, with its principal place of business located at 3047 South Lyman Street, Chicago, Illinois, Zip Code 60608; and that legal process for the Defendant, Firebird Trucking, Incorporated, shall be served upon Jose Noe Rincon, located at 7263 South Harlem Avenue, Bridgeview, Illinois, Zip Code 60455.

2

8.     That the Defendant, ACE Property and Casualty Insurance Company, is a foreign insurance company, organized and existing under the laws of Pennsylvania, with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania, Zip Code 19106; that the registered agent in Wisconsin for the Defendant, ACE Property and Casualty Insurance Company, is CT Corporation System, located at 301 South Bedford Street, Suite One, Madison, Wisconsin, Zip Code 53703; that the Defendant, ACE Property and Casualty Insurance Company, is engaged in the business of writing and selling insurance, and that prior to the date of the accident herein, January 24, 2020, it issued its policy of insurance to the Defendant, Donnelly Transportation, Incorporated, insuring the Defendant, Donnelly Transportation, Incorporated, its employees, agents, servants, representatives, and/or volunteers against liability of the type hereafter alleged; that this policy of insurance was issued and delivered in the State of Illinois; and that this policy of insurance was in full force and effect at all times material hereto.

9.     That the Defendant, State National Insurance Company, Incorporated, is a foreign insurance company, organized and existing under the laws of Texas, with its principal place of business located at 1900 L. Don Dodson Drive, Bedford, Texas, Zip Code 76021; that the registered agent in Wisconsin for the Defendant, State National Insurance Company, Incorporated, is National Registered Agents Incorporated, located at 301 South Bedford Street, Suite One, Madison, Wisconsin, Zip Code 53703; that the Defendant, State National Insurance Company, Incorporated, is engaged in the business of writing and selling insurance, and that prior to the date of the accident herein, January 24, 2020, it issued its policy of insurance to the Defendant, Firebird Trucking, Incorporated, insuring the Defendant, Firebird Trucking, Incorporated, its employees, agents, servants, representatives, and/or volunteers against liability

3

of the type hereafter alleged; that this policy of insurance was issued and delivered in the State of Illinois; and that this policy of insurance was in full force and effect at all times material hereto.

## STATEMENT OF FACTS

10.    That on or about January 24, 2020, Firebird Trucking, Incorporated, was the owner of a 1998 Freightliner tractor, VIN #1FUYSSEB6WP980281, Illinois license plate number 01242020, pulling a separately owned semi-trailer with a VIN #1TA144523E2206299, Tennessee license plate number U878756.

11.    That on said date, the Defendant, Josue R. Hidalgo-Clarke, was a permissive user and operator of said tractor, operating under the Defendant, Donnelly Transportation, Incorporated, Motor Carrier ("MC") Number 276172, and Department of Transportation ("DOT") Number 564331.

12.    That on said date, Defendant, Josue R. Hidalgo-Clarke, was a permissive user and operator of said tractor, operating under the Defendant, Firebird Trucking, Incorporated, MC Number 037857, and DOT Number 1463224.

13.    That on said date, the Defendant, Josue R. Hidalgo-Clarke, was working as a professional truck driver within the course and scope of his duties as a permissive user for the Defendant, Donnelly Transportation, Incorporated; that on said date, the Defendant, Josue R. Hidalgo-Clarke, was working as a professional truck driver within the course and scope of his duties as a permissive user for the Defendant, Firebird Trucking, Incorporated; that, upon information and belief, the Defendant, Firebird Trucking, Incorporated, owned the tractor involved in this collision, and employed the Defendant, Josue R. Hidalgo-Clarke; and that on said date, the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking, Incorporated, were

4

operating under the motor carrier number of the Defendant, Donnelly Transportation, Incorporated, MC number 276172.

14.     That on or about January 24, 2020, the Plaintiff, Dustin J. Demitriou, was a passenger in a motor vehicle traveling southbound on United States Highway 45 at or near the intersection with Everts Lane in the Town of Caledonia, County of Waupaca, Wisconsin; and at that same time and place, the Defendant, Josue R. Hidalgo-Clarke, was the operator of a semi-tractor and trailer traveling northbound on United States Highway 45 when he negligently operated his semi-tractor and trailer and collided with the motor vehicle in which the Plaintiff, Dustin J. Demitriou, was a passenger, thereby causing the Plaintiff's injuries and damage as hereafter described.

### COUNT I:
### NEGLIGENCE
### DUSTIN J. DEMITRIOU v. JOSUE R. HIDALGO-CLARKE

15.     Plaintiffs hereby incorporate by reference Paragraphs 1–14 of this Complaint as if fully set forth herein.

16.     That at all times pursuant hereto, it was the duty of the Defendant, Josue R. Hidalgo-Clarke, to operate the semi-tractor and trailer he was driving with ordinary care for the safety of others then and there upon said roadway, including to the Plaintiff, Dustin J. Demitriou.

17.     That in violation of this above-mentioned duty, the Defendant, Josue R. Hidalgo-Clarke, negligently did and/or failed to do one or more of the following acts:

a.      Operated his tractor and trailer at a speed greater than was reasonable and prudent so as to avoid colliding with the motor vehicle in which the Plaintiff, Dustin J. Demitriou, was a passenger;

b.      Failed to stay within his own lane to avoid colliding with the motor vehicle in which the Plaintiff, Dustin J. Demitriou, was a passenger;

5

c. Failed to keep the proper lookout for vehicles such as the motor vehicle in which the Plaintiff, Dustin J. Demitriou, was a passenger while driving his tractor-trailer on said roadway;

d. Failed to decrease the speed of his tractor and trailer as necessary to avoid colliding with the motor vehicle in which the Plaintiff, Dustin J. Demitriou, was a passenger;

e. Failed to recognize the potential hazards when entering oncoming traffic to avoid colliding with the motor vehicle in which the Plaintiff, Dustin J. Demitriou, was a passenger; and/or

f. Was otherwise careless and/or negligent.

18. That the foregoing acts of negligence on the part of the Defendant, Josue R. Hidalgo-Clarke, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Dustin J. Demitriou.

19. That as a result of the foregoing acts of negligence on the part of the Defendant, Josue R. Hidalgo-Clarke, the Plaintiff, Dustin J. Demitriou, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demand judgment against the Defendant, Josue R. Hidalgo-Clarke, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

6

## COUNT II:
## INSTITUTIONAL NEGLIGENCE
## DUSTIN J. DEMITRIOU v. DONNELLY TRANSPORTATION, INCORPORATED & FIREBIRD TRUCKING, INCORPORATED

20.     Plaintiffs hereby incorporate by reference Paragraphs 1–19 of this Complaint as if fully set forth herein.

21.     That at all times material hereto, and upon information and belief, the Defendant, Josue R. Hidalgo-Clarke, was an employee, agent, servant, representative, and/or volunteer of the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated; and that the forgoing acts of negligence on the part of the Defendant, Josue R. Hidalgo Clarke, were committed while the Defendant, Josue R. Hidalgo Clarke, was acting in the course and scope of his employment and/or agency with the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated.

22.     That at all times relevant hereto, and upon information and belief, the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, did not have adequate performance standards in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with FMCSA guidelines and regulations.

23.     That at all times relevant hereto, and upon information and belief, there were FMCSA guidelines, regulations, and industry standards in effect relating to driver qualification and retention of truck drivers and training on seeing, managing space, and basic control of the tractor-trailer; and that the Defendants, Donnelly Transportation, Incorporated and/or Firebird

7

Trucking, Incorporated, did not adequately inform the Defendant, Josue R. Hidalgo-Clarke, of the aforementioned FMSCA guidelines.

24.     That at all times relevant hereto, and upon information and belief, the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, owed a duty to the Plaintiff, Dustin J. Demitriou, to teach and train its commercial truck drivers in accordance with FMCSA guidelines and procedures; that the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, owed a duty to the Plaintiff, Dustin J. Demitriou, to teach, train, educate and/or adequately inform its commercial truck drivers in of the FMCSA's guidelines and procedures to ensure the safety of other motorists traveling on the roadway; and that on or about January 24, 2020, and at all times relevant herein, the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, individually and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

   a.     Failure to implement adequate performance standards to ensure that its commercial truck drivers, including the Defendant, Josue R. Hidalgo-Clarke, performed their job duties in accordance with the FMCSA's guideline and procedures;

   b.     Failure to procedurally review the performance of its commercial truck drivers, including the Defendant, Josue R. Hidalgo-Clarke, to determine whether they were adequately following FMCSA guideline and procedures; and/or

   c.     Failure to adequately inform the Defendant, Josue R. Hidalgo-Clarke, of the FMCSA's guidelines and procedures relating to the left-hand turns, and safely approaching an intersection.

25.     That the foregoing acts of negligence on the part of the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Dustin J. Demitriou.

8

26.     That as a result of the foregoing acts of negligence on the part of the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, the Plaintiff, Dustin J. Demitriou, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demand judgment against the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

**COUNT III:**
**VICARIOUS LIABILITY**
**DUSTIN J. DEMETRIOU v. DONNELLY TRANSPORTATION, INCORPORATED &**
**FIREBIRD TRUCKING, INCORPORATED**

27.     Plaintiffs hereby incorporate by reference Paragraphs 1–26 of this Complaint as if fully set forth herein.

28.     That on or before January 24, 2020, the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, authorized the Defendant, Josue R. Hidalgo-Clarke, to operate a commercial tractor and trailer; that the Defendant, Josue R. Hidalgo-Clarke, was operating under the authority of the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated; and that, upon information and belief, on and before January 24, 2020, the Defendant, Firebird Trucking, Incorporated, had contracted

9

and/or entrusted the work of operating its semi-tractor to the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated, in delivering its goods to customers in furtherance of the business of the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated.

29.     That at the aforesaid time and place, the Defendant, Firebird Trucking, Incorporated, directly affected commercial motor vehicle safety due to the work being performed by the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated.

30.     That, upon information and belief, on and before January 24, 2020, the Defendant, Firebird Trucking, Incorporated, had a standing agreement with the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated, to transport its loads at the Defendant, Firebird Trucking, Incorporated's, direction; that the Defendant, Firebird Trucking, Incorporated, had the right to control the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated, in transporting its loads; that the Defendant, Firebird Trucking, Incorporated, had the right to direct the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated, on the timing of the delivery of their loads; that Defendant, Firebird Trucking, Incorporated, had the right to determine the delivery schedule and route for the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated; that the Defendant, Firebird Trucking, Incorporated, had the right to determine what equipment needed to be used by the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated; that the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated, had to report to the Defendant, Firebird Trucking, Incorporated, the progress and any issues of the delivery of the loads; that the Defendant, Firebird Trucking, Incorporated, held out the Defendants, Josue R. Hidalgo-Clarke and Donnelly Transportation, Incorporated, as

employees, servants, agents, representatives, and/or volunteers, such that a reasonable person would conclude that the Defendants, Josue R. Hidalgo-Clarke and Donnelly Transportation, Incorporated, were the employees, servants, agents, representatives, and/or volunteers of the Defendant, Firebird Trucking, Incorporated; and that the Defendant, Firebird Trucking, Incorporated, exercised supervisory control over the work being performed by the Defendants, Josue R. Hidalgo-Clarke and Donnelly Transportation, Incorporated.

31.     That on and before January 24, 2020, the Defendant, Firebird Trucking, Incorporated, was a motor carrier providing transportation that uses tractors and trailers not owned by it to transport property under an arrangement with another party and therefore, the Defendants, Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated, were statutory employees of the Defendant, Firebird Trucking, Incorporated; that the Defendant, Firebird Trucking, Incorporated, was a statutory employer that assumed possession, control, and use of the equipment, including the tractor and trailer involved in the January 24, 2020, accident; and that as a statutory employer, it was the duty of the Defendant, Firebird Trucking, Incorporated, to exercise reasonable care for its statutory employees, herein the Defendants, Josue R. Hidalgo-Clarke and Donnelly Transportation, Incorporated.

32.     That on or before January 24, 2020, the Defendant, Firebird Trucking, Incorporated, violated its duty and committed one or more of the following negligent acts and/or omissions:

    a.    Failed to supervise its commercial drivers to ensure that they remain within the authorized hours of service;

    b.    Failed to ensure that the trailer and cargo assigned to the Defendant, Josue R. Hidalgo-Clarke, was safe for transportation;

11

c.   Failed to ensure that the Defendant, Josue R. Hidalgo-Clarke, was properly trained on driving, seeing, and lane change techniques while operating a tractor and trailer;

d.   Failed to supervise the Defendant, Josue R. Hidalgo-Clarke's, training, seeing, and lane change techniques while operating a tractor and trailer; and/or

e.   Failed to supervise the Defendants, Josue R. Hidalgo-Clarke and Donnelly Transportation, Incorporated, on driving and safe maneuvers on a highway.

33.   As a direct and proximate result of the statutory employee, the Defendants', Josue R. Hidalgo-Clarke and/or Donnelly Transportation, Incorporated, negligence or reckless conduct for which the Defendant, Firebird Trucking, Incorporated, is liable under master/servant/agency/statutory employer/joint-borrowed employee doctrines, the vehicle in which the Plaintiff, Dustin J. Demitriou, was a passenger did then and there collide with the tractor and trailer.

34.   That as a result of the foregoing acts of negligence on the part of the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, the Plaintiff, Dustin J. Demitriou, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demands judgment against the Defendants, Donnelly Transportation, Incorporated, and Firebird Trucking,

12

Incorporated, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

**COUNT IV: (IN THE ALTERNATIVE)**
**VICARIOUS LIABILITY**
**DUSTIN J. DEMETRIOU v. DONNELLY TRANSPORTATION, INCORPORATED &**
**FIREBIRD TRUCKING, INCORPORATED**

35.    Plaintiffs hereby incorporate by reference Paragraphs 1–34 of this Complaint as if fully set forth herein.

36.    That, in the alternative, on or before January 24, 2020, the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, authorized the Defendant, Josue R. Hidalgo-Clarke, to operate a commercial tractor and trailer; that the Defendant, Josue R. Hidalgo-Clarke, was operating under the authority of the Defendant, Donnelly Transportation, Incorporated and/or the Defendant, Firebird Trucking, Incorporated; that, upon information and belief, on and before January 24, 2020, the Defendant, Donnelly Transportation, Incorporated, had contracted and/or entrusted the work of operating its semi-tractor to the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated, in delivering its goods to customers in furtherance of the business of the Defendant, Donnelly Transportation, Incorporated.

37.    That, in the alternative, at the aforesaid time and place, the Defendant, Donnelly Transportation, Incorporated, directly affected commercial motor vehicle safety due to the work being performed by the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated.

38.    That, in the alternative and upon information and belief, on and before January 24, 2020, the Defendant, Donnelly Transportation, Incorporated, had a standing agreement with the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated, to transport its

13

loads at the Defendant, Donnelly Transportation, Incorporated's, direction; that the Defendant, Donnelly Transportation, Incorporated, had the right to control the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated, in transporting its loads; that the Defendant, Donnelly Transportation, Incorporated, had the right to direct the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated, on the timing of the delivery of their loads; that the Defendant, Donnelly Transportation, Incorporated, had the right to determine the delivery schedule and route for the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated; that the Defendant, Donnelly Transportation, Incorporated, had the right to determine what equipment needed to be used by the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated; that the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated, had to report to the Defendant, Donnelly Transportation, Incorporated, the progress and any issues of the delivery of the loads; that the Defendant, Donnelly Transportation, Incorporated, held out the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking, Incorporated, as employees, servants, agents, representatives, and/or volunteers, such that a reasonable person would conclude that the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking, Incorporated, were the employees, servants, agents, representatives, and/or volunteers of the Defendant, Donnelly Transportation, Incorporated; and that the Defendant, Donnelly Transportation, Incorporated, exercised supervisory control over the work being performed by Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking, Incorporated.

39.    That, in the alternative, on and before January 24, 2020, the Defendant, Donnelly Transportation, Incorporated was a motor carrier providing transportation that uses tractors and trailers not owned by it to transport property under an arrangement with another party and

14

therefore, the Defendants, Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated, were statutory employees of the Defendant, Donnelly Transportation, Incorporated; that the Defendant, Donnelly Transportation, Incorporated, was a statutory employer that assumed possession, control, and use of the equipment, including the tractor and trailer involved in the January 24, 2020 accident; and that as a statutory employer, it was the duty of the Defendant, Donnelly Transportation, Incorporated, to exercise reasonable care for its statutory employees, the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking, Incorporated.

40.    That, in the alternative, on or before January 24, 2020, the Defendant, Donnelly Transportation, Incorporated, violated its duty and committed one or more of the following negligent acts and/or omissions:

a.    Failed to supervise its commercial drivers to ensure that they remain within the authorized hours of service;

b.    Failed to ensure that the trailer and cargo assigned to the Defendant, Josue R. Hidalgo-Clarke, was safe for transportation;

c.    Failed to ensure that the Defendant, Josue R. Hidalgo-Clarke, was properly trained on driving, seeing, and lane change techniques while operating a tractor and trailer;

d.    Failed to supervise the Defendant, Josue R. Hidalgo-Clarke's, training, seeing, and lane change techniques while operating a tractor and trailer; and/or

e.    Failed to supervise the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking, Incorporated, on driving and safe maneuvers on a highway.

41.    As a direct and proximate result of the statutory employee, the Defendants', Josue R. Hidalgo-Clarke and/or Firebird Trucking, Incorporated, negligence or reckless conduct for which the Defendant, Donnelly Transportation, Incorporated, is liable under master/servant/agency/statutory employer/joint-borrowed employee doctrines, the vehicle in

15

which the Plaintiff, Dustin J. Demitriou, was a passenger did then and there collide with the tractor and trailer in the Plaintiff's lane of travel.

42.     That, in the alternative, as a result of the foregoing acts of negligence on the part of the Defendants, Donnelly Transportation, Incorporated and/or Firebird Trucking, Incorporated, the Plaintiff, Dustin J. Demitriou, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demands judgment against the Defendants, Donnelly Transportation, Incorporated, and Firebird Trucking, Incorporated, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

**COUNT V:**
**AGENCY/RESTATEMENT 414**
**DUSTIN J. DEMITRIOU v. FIREBIRD TRUCKING, INCORPORATED**

43.     Plaintiffs hereby incorporate by reference Paragraphs 1–42 of this Complaint as if fully set forth herein.

44.     That, upon information and belief, the Defendant, Firebird Trucking, Incorporated, leased to the Defendant, Donnelly Transportation, Incorporated, the semi-tractor and trailer to haul the load that was involved in this collision; that the Defendant, Firebird Trucking, Incorporated, exercised control of the Defendant, Donnelly Transportation, Incorporated, by requiring it to report all accidents to the Defendant Firebird Trucking,

16

Incorporated; that the Defendant, Firebird Trucking, Incorporated, exercised control of the Defendant, Donnelly Transportation, Incorporated, by requiring in its lease that the Defendant haul and deliver the load involved in this crash safely and on time; that the Defendant, Firebird Trucking, Incorporated, exercised control of the Defendant, Donnelly Transportation, Incorporated, by requiring it to operate its equipment by safe, careful, and properly licensed drivers with care and precaution; that the Defendant, Firebird Trucking, Incorporated, exercise control of the Defendant, Donnelly Transportation, Incorporated, by prohibiting the use of equipment for transportation of persons or property for hire without proper authority; that the Defendant, Firebird Trucking, Incorporated, exercised control of the Defendant, Donnelly Transportation, Incorporated, by specifically requiring the equipment inspection and maintenance be completed by the Defendant, Firebird Trucking, Incorporated, at one of its service facilities; and that the Defendant, Firebird Trucking, Incorporated, exercised control of the Defendant, Donnelly Transportation, Incorporated, to obtain insurance for the leased equipment.

45.     That as a result of this control, the Defendant, Firebird Trucking, Incorporated, and the Defendants, Josue R. Hidalgo-Clarke and Donnelly Transportation, Incorporated, were in a master – servant relationship; and that, upon information and belief, the Defendant, Josue R. Hidalgo-Clarke, was acting in the course and scope of his as an agency and/or employment with the Defendant, Donnelly Transportation, Incorporated, when he negligently operated his semi-tractor and trailer and collided with the vehicle in which Plaintiff, Dustin J. Demitriou, was a passenger.

46.     That the Defendant, Firebird Trucking, Incorporated, through its employees, servants, agents, representatives, and/or volunteers, the Defendants, Josue R. Hidalgo-Clarke and

17

Donnelly Transportation, Incorporated, had a duty to operate, manage, maintain and control said tractor and trailer with ordinary and reasonable care so as not to cause injury to others.

47.     That notwithstanding said duty, the Defendant, Firebird Trucking, Incorporated, through its employees, servants, agents, representatives, and/or volunteers, the Defendants, Josue R. Hidalgo-Clarke and Donnelly Transportation, Incorporated, then and there carelessly and negligently did, or failed to do, one or more of the following wrongful acts and/or omissions:

        a.    Failed to manage and/or control the semi-tractor and trailer at all times to avoid a collision;

        b.    Failed to operate the semi-tractor and trailer at a speed that was reasonable and prudent to avoid a collision;

        c.    Failed to decrease speed as necessary to avoid a collision; and/or

        d.    Failed to keep a proper visual search, lookout, and space management to avoid a collision.

48.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Firebird Trucking, Incorporated, by and through its employees, servants, agents, representatives, and/or volunteers, the Defendants, Josue R. Hidalgo-Clarke and Donnelly Transportation, Incorporated, the Plaintiff, Dustin J. Demitriou, sustained the above-described physical and personal injuries, together with pecuniary damages.

49.     That as a proximate result of such negligence and the resulting collision, Defendant Firebird Trucking, Incorporated is vicariously liable for the Plaintiff, Dustin J. Demitriou's, personal injuries and damages.

**WHEREFORE**, Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demand judgment against Defendant, Firebird Trucking Incorporated, in an amount in excess of SEVENTY-FIVE

THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

### COUNT VI: (IN THE ALTERNATIVE)
### AGENCY/RESTATEMENT 414
### DUSTIN J. DEMITRIOU v. DONNELLY TRANSPORTATION, INCORPORATED

50.    Plaintiffs hereby incorporate by reference Paragraphs 1–49 of this Complaint as if fully set forth herein.

51.    That, in the alternative and upon information and belief, the Defendant, Donnelly Transportation, Incorporated, leased to the Defendant, Firebird Trucking Incorporated, the semi-tractor and trailer to haul the load that was involved in this collision; that the Defendant, Donnelly Transportation, Incorporated, exercised control of the Defendant, Firebird Trucking Incorporated, by requiring it to report all accidents to the Defendant, Donnelly Transportation, Incorporated; that the Defendant, Donnelly Transportation, Incorporated, exercised control of the Defendant, Firebird Trucking Incorporated, by requiring in its lease that the Defendant, Firebird Trucking, Incorporated, haul and deliver the load involved in this crash safely and on time; that the Defendant, Donnelly Transportation, Incorporated, exercised control of the Defendant, Firebird Trucking Incorporated, by requiring it to operate its equipment by safe, careful, and properly licensed drivers with care and precaution; that the Defendant, Donnelly Transportation, Incorporated, exercise control of the Defendant, Firebird Trucking Incorporated, by prohibiting the use of equipment for transportation of persons or property for hire without proper authority; that the Defendant, Donnelly Transportation, Incorporated, exercised control of the Defendant, Firebird Trucking Incorporated, by specifically requiring the equipment inspection and maintenance be completed by the Defendant, Donnelly Transportation, Incorporated, at one of its service facilities; and that the Defendant, Donnelly Transportation, Incorporated, exercised

19

control of the Defendant, Firebird Trucking Incorporated, to obtain insurance for the leased equipment.

52.     That in the alternative and as a result of this control, the Defendant, Donnelly Transportation, Incorporated, and the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking Incorporated, were in a master-servant relationship; and that, upon information and belief, the Defendant, Josue R. Hidalgo-Clarke, was acting in the course and scope of his agency and/or employment with the Defendant Firebird Trucking Incorporated, when he negligently operated his semi-tractor and trailer and collided with the vehicle in which Plaintiff, Dustin J. Demitriou, was a passenger.

53.     That, in the alternative, the Defendant, Donnelly Transportation, Incorporated, through its employees, servants, agents, representatives, and/or volunteers, the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking Incorporated, had a duty to operate, manage, maintain, and control said tractor and trailer with ordinary and reasonable care so as not to cause injury to others.

54.     That, in the alternative and notwithstanding said duty, the Defendant, Donnelly Transportation, Incorporated, through its employees, servants, agents, representatives, and/or volunteers, the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking Incorporated, then and there carelessly and negligently did, or failed to do, one or more of the following wrongful acts and/or omissions:

        a.      Failed to manage and/or control the semi-tractor and trailer at all times to avoid a collision;

        b.      Failed to operate the semi-tractor and trailer at a speed that was reasonable and prudent to avoid a collision;

        c.      Failed to decrease speed as necessary to avoid a collision; and/or

20

d.      Failed to keep a proper visual search, lookout, and space management to avoid a collision.

55.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Donnelly Transportation, Incorporated, by and through its employees, servants, agents, representatives, and/or volunteers, the Defendants, Josue R. Hidalgo-Clarke and Firebird Trucking Incorporated, the Plaintiff, Dustin J. Demitriou, sustained the above-described physical and personal injuries, together with pecuniary damages.

56.      That as a proximate result of such negligence and the resulting collision, the Defendant, Donnelly Transportation, Incorporated, is vicariously liable for the Plaintiff, Dustin J. Demitriou's, personal injuries and damages.

**WHEREFORE**, Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demand judgment against the Defendant, Donnelly, Transportation, Incorporated, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

**COUNT VII:**
**JOINT ENTERPRISE**
**DUSTIN J. DEMITRIOU v. DONNELLY TRANSPORTATION, INCORPORATED &**
**FIREBIRD TRUCKING, INCORPORATED**

57.      Plaintiffs hereby incorporate by reference Paragraphs 1–56 of this Complaint as if fully set forth herein.

58.      That, upon information and belief, the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, are interrelated businesses engaged in the commerce of interstate trucking, storage, and hauling of freight; that the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, worked together to perform a

common purpose of operating a business or engaging in the business of interstate trucking, storage, and hauling of freight; that the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, had a proprietary interest in the ongoing business enterprises; that upon information and belief, the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, had mutual rights of control and shared in the profits; that the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, shared business assets, business locations, phone number, equipment and personnel; that the same owners, members and shareholders of the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, made all decisions for both companies; that the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, operated to the mutual financial benefit of each other with joint ownership and control.

59.     That based on the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated's, joint enterprise, they owed duties of reasonable care in the operation of their business of interstate trucking and hauling freight; and that at all times relevant hereto, the Defendants, Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, breached their duty to use reasonable care to hire, retain, entrust, train, supervise, and/or monitor the Defendant, Josue R. Hidalgo-Clarke, to ensure he was competent and/or fit to perform the duties required as a professional truck driver.

60.     That as a proximate result of the actions of the Defendants', Firebird Trucking, Incorporated and Donnelly Transportation, Incorporated, negligent acts in their business operations and joint enterprise together, by and through their employee agent, and/or contractor,

22

the Defendant, Josue R. Hidalgo-Clarke, the Plaintiff, Dustin J. Demitriou, sustained the above-described physical and personal injuries, together with pecuniary damages.

**WHEREFORE**, the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demand judgment against the Defendants, Donnelly Transportation, Incorporated and Firebird Trucking, Incorporated, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

### COUNT VIII:
### LOSS OF CONSORTIUM
### RONDA DEMITRIOU v. JOSUE R. HIDALGO-CLARKE

61.     Plaintiffs hereby incorporate by reference Paragraphs 1–60 of this Complaint as if fully set forth herein.

62.     That the Plaintiff, Ronda Demitriou, is the wife of the Plaintiff, Dustin J. Demitriou.

63.     That by reason of the aforementioned acts of negligence on the part of the Defendant, Josue R. Hidalgo-Clarke, the Plaintiff, Ronda Demitriou, has lost the care, comfort, society and consortium of her husband, Dustin J. Demitriou, by reason of his inability to perform all of the normal and usual duties, acts and responsibilities as husband of the Plaintiff, Ronda Demitriou, by reason of his injuries suffered as alleged above, and as a result of the negligence previously described.

64.     That Dustin J. Demitriou and Ronda Demitriou share all debts and financial responsibilities as husband and wife; and that Dustin J. Demitriou and Ronda Demitriou have incurred debt and financial responsibilities as a result of the negligence of the Defendant, Josue R. Hidalgo-Clarke, to the financial damage of the Plaintiff, Ronda Demitriou.

23

**WHEREFORE**, the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demand judgment against the Defendant, Josue R. Hidalgo-Clarke, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

**COUNT IX:**
**LOSS OF CONSORTIUM**
**RONDA DEMITRIOU v. DONNELLY TRANSPORTATION, INCORPORATED**

65.    Plaintiffs hereby incorporate by reference Paragraphs 1–64 of this Complaint as if fully set forth herein.

66.    That the Plaintiff, Ronda Demitriou, is the wife of the Plaintiff, Dustin J. Demitriou.

67.    That by reason of the aforementioned acts of negligence on the part of the Defendant, Donnelly Transportation, Incorporated, the Plaintiff, Ronda Demitriou, has lost the care, comfort, society and consortium of her husband, Dustin J. Demitriou, by reason of his inability to perform all of the normal and usual duties, acts and responsibilities as husband of the Plaintiff, Ronda Demitriou, by reason of his injuries suffered as alleged above, and as a result of the negligence previously described.

68.    That Dustin J. Demitriou and Ronda Demitriou share all debts and financial responsibilities as husband and wife; and that Dustin J. Demitriou and Ronda Demitriou have incurred debt and financial responsibilities as a result of the negligence of the Defendant, Donnelly Transportation, Incorporated, to the financial damage of the Plaintiff, Ronda Demitriou.

**WHEREFORE**, the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demand judgment against the Defendant, Donnelly Transportation, Incorporated, in an amount in excess

24

of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

**COUNT X:**
**LOSS OF CONSORTIUM**
**RONDA DEMITRIOU v. FIREBIRD TRUCKING, INCORPORATED**

69. Plaintiffs hereby incorporate by reference Paragraphs 1–68 of this Complaint as if fully set forth herein.

70. That the Plaintiff, Ronda Demitriou, is the wife of the Plaintiff, Dustin J. Demitriou.

71. That by reason of the aforementioned acts of negligence on the part of the Defendant, Firebird Trucking, Incorporated, the Plaintiff, Ronda Demitriou, has lost the care, comfort, society and consortium of her husband, Dustin J. Demitriou, by reason of his inability to perform all of the normal and usual duties, acts and responsibilities as husband of the Plaintiff, Ronda Demitriou, by reason of his injuries suffered as alleged above, and as a result of the negligence previously described.

72. That Dustin J. Demitriou and Ronda Demitriou share all debts and financial responsibilities as husband and wife; and that Dustin J. Demitriou and Ronda Demitriou have incurred debt and financial responsibilities as a result of the negligence of the Defendant, Firebird Trucking, Incorporated, to the financial damage of the Plaintiff, Ronda Demitriou.

**WHEREFORE**, the Plaintiffs, Dustin J. Demitriou and Ronda Demitriou, demand judgment against the Defendant, Firebird Trucking, Incorporated, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and for any and all other relief as the Court may deem just and proper.

25

## JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiffs hereby request a trial by a jury of twelve.

Respectfully submitted this 16th day of August 2021

/s Thomas A. Perlberg
Thomas A. Perlberg
State Bar Number: 1039910
Hupy & Abraham, S.C.
111 East Kilbourn Avenue, Suite 1100
Milwaukee, Wisconsin 53202
Telephone: (414) 223-4800
Fax: (414) 271-3374
Email: tperlberg@hupy.com

*Attorney for the Plaintiffs*